UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ALYNE PUSTANIO**                                                                                      **CIVIL ACTION**

**VERSUS**                                                                                                        **No. 11-2153**

**SCHIFFER PUBLISHING, LTD., ET AL.**                                                 **SECTION I**

**ORDER AND REASONS**

Before the Court is a motion[1] to dismiss and a motion[2] for leave to supplement that motion, filed by defendant, Tracie Trog ("Trog"). Plaintiff, Alyne Pustanio ("Pustanio"), opposes the motion to dismiss.[3] For the following reason, the motions are **DENIED**.

*BACKGROUND*

In her complaint, Pustanio alleges that she is an author whose works are interpretations of Louisiana folklore and oral traditions.[4] Pustanio alleges, generally, that Trog and Trog's publisher, Schiffer Publishing, Ltd., knowingly, willfully, and intentionally plagiarized and reproduced portions of her works without her consent in a book entitled *Louisiana Ghosts*.[5] Pustanio filed this lawsuit seeking damages for copyright infringement and unjust enrichment.[6]

On May 3, 2012, Trog filed this motion to dismiss Pustanio's complaint.[7] Trog asserts that she has made less than five hundred dollars ($500.00) in royalties on *Louisiana Ghosts* and that the legends to which Pustanio claims ownership predate her birth.[8] Trog argues that she received the material Pustanio claims to own from various sources in good faith and with

---

[1] R. Doc. No. 19.
[2] R. Doc. No. 22.
[3] R. Doc. No. 21.
[4] *Id.*
[5] *Id.*
[6] *Id.*
[7] R. Doc. No. 19.
[8] *Id.*

1

permission.[9]  She also claims to have registered *Louisiana Ghosts* with the Copyright Office prior to Pustanio's registration, and that Pustanio has withheld information concerning the existence of Trog's copyright.[10]  Trog argues that the plagiarism claims are false and that she had researched and compiled the information for *Louisiana Ghosts* before Pustanio made her works available on the internet.[11]  Trog submitted documentary evidence purporting to show that Pustanio's registration date of her website was two months later than what was registered with the Registrar of Copyright.[12]  Trog requests the lawsuit be dismissed as frivolous and that the Court impose sanctions on Pustanio for filing this lawsuit.[13]

## STANDARD OF LAW

### I.  Federal Rule of Civil Procedure 12(b)(6)

A district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted if the plaintiff has not set forth a factual allegation in support of his claim that would entitle him to relief.  Fed. R. Civ. Proc. 12(b)(6); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007); *Cuvillier v. Taylor,* 503 F.3d 397, 401 (5th Cir. 2007). As the Fifth Circuit explained in *Gonzalez v. Kay:*

> "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The Supreme Court recently expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* ---U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570, 127 S.Ct. 1955, 167 L.Ed.2d 929). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* It follows that "where

---

[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] R. Doc. No. 22.
[13] R. Doc. No. 19.

2

> the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed.R.Civ.P. 8(a)(2)).

577 F.3d 600, 603 (5th Cir. 2009).

This Court will not look beyond the factual allegations in the pleadings to determine whether relief should be granted. *See Spivey v. Robertson,* 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir. 1996). In assessing the complaint, a court must accept all well-pleaded facts as true and liberally construe all factual allegations in the light most favorable to the plaintiff. *Spivey,* 197 F.3d at 774; *Lowrey v. Tex. A & M Univ. Sys.,* 117 F.3d 242, 247 (5th Cir. 1997). "Dismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'" *Cutrer v. McMillan,* 308 Fed. Appx. 819, 820 (5th Cir. 2009) (quoting *Clark v. Amoco Prod. Co.,* 794 F.2d 967, 970 (5th Cir. 1986)).

## II. Federal Rule of Civil Procedure 12(d)

The Federal Rules of Civil Procedure provide that "[i]f, on a motion filed pursuant to Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the Court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. Proc. 12(d). A court has discretion pursuant to Rule 12(b)(6) whether to accept and consider such materials on a motion to dismiss. *Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 194 n.3 (5th Cir. 1988); 2 James Wm. Moore, *Moore's Federal Practice* § 12.34, at 12-72 (3d ed. 2002). "The mere fact that the defendant[] include[s] . . . [extrinsic] matters in [its] memorand[um] to the court in support of [its] motion does not mean that the court [will] consider[] this material in any way when making its decision." *Reid v. Hughes*, 578 F.2d 634, 636 & n.2 (5th Cir. 1978). However, if the court decides to accept and consider these materials, the motion will be treated as one for summary judgment. Fed. R. Civ. Proc. 12(d); *see Fernandez-Montes v. Allied Pilots*

*Ass'n*, 987 F.2d 278, 283 n.7 (5th Cir. 1993). In such cases, Rule 12(d) provides that "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."

## *DISCUSSION*

Trog's motion to dismiss sets forth factual arguments along with materials outside the pleadings in an attempt to dispute the factual allegations in the complaint. Trog's factual arguments are not appropriate on a motion to dismiss filed pursuant to Rule 12(b)(6), as this Court must take the allegations in the complaint as true. Given the early stage of the proceedings, the limited and incomplete record with respect to the claims asserted in this matter, and the factual arguments submitted in response to the motion to dismiss (which also references materials outside the pleadings), the Court declines the opportunity to convert the motion to dismiss into a motion for summary judgment. Trog's motion does not provide any other grounds upon which to dismiss the complaint for failure to state a claim. Accordingly,

**IT IS ORDERED** that Tracie Trog's motion[14] to dismiss and her motion to supplement the motion[15] to dismiss are **DENIED**.

New Orleans, Louisiana, June 13, 2012.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[14] R. Doc. No. 19.
[15] R. Doc. No. 22.